STANLEY E. WOODWARD, JR.
Associate Attorney General
BRETT A. SHUMATE
Assistant Attorney General
Civil Division
LUKE A. MILLER (MN Bar No. 0504247)
Trial Attorney
United States Department of Justice
450 5th Street NW
Washington, DC 20001
Tel: (202) 598-7479
Email: Luke.Miller2@usdoj.gov

SCOTT E. BRADFORD
United States Attorney
District of Oregon
United States Attorney's Office
1000 SW Third Ave., Suite 600
Portland, Oregon 97204
Tel: (503) 727-1000
*[additional counsel in signature block]*

*Attorneys for the United States*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF OREGON; OREGON HIGHER EDUCATION COORDINATING COMMISSION; BOARD OF TRUSTEES OF THE UNIVERSITY OF OREGON; BOARD OF TRUSTEES OF OREGON STATE UNIVERSITY; BOARD OF TRUSTEES OF PORTLAND STATE UNIVERSITY; BOARD OF TRUSTEES OF THE OREGON INSTITUTE OF | Civil No. 3:26-cv-1781<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

TECHNOLOGY; BOARD OF TRUSTEES OF WESTERN OREGON UNIVERSITY; BOARD OF TRUSTEES OF SOUTHERN OREGON UNIVERSITY; BOARD OF TRUSTEES OF EASTERN OREGON UNIVERSITY; BLUE MOUNTAIN COMMUNITY COLLEGE BOARD OF EDUCATION; CENTRAL OREGON COMMUNITY COLLEGE BOARD OF EDUCATION; CHEMEKETA COMMUNITY COLLEGE BOARD OF EDUCATION; CLACKAMAS COMMUNITY COLLEGE BOARD OF EDUCATION; CLATSOP COMMUNITY COLLEGE BOARD OF EDUCATION; COLUMBIA GORGE COMMUNITY COLLEGE BOARD OF EDUCATION; KLAMATH COMMUNITY COLLEGE BOARD OF EDUCATION; LANE COMMUNITY COLLEGE BOARD OF EDUCATION; LINN-BENTON COMMUNITY COLLEGE BOARD OF EDUCATION; MT. HOOD COMMUNITY COLLEGE BOARD OF EDUCATION; PORTLAND COMMUNITY COLLEGE BOARD OF EDUCATION; ROGUE COMMUNITY COLLEGE BOARD OF EDUCATION; TILLAMOOK BAY COMMUNITY COLLEGE BOARD OF EDUCATION; TREASURE VALLEY COMMUNITY COLLEGE BOARD OF EDUCATION; BOARD OF DIRECTORS OF OREGON HEALTH AND SCIENCE UNIVERSITY;

Defendants.

## INTRODUCTION

1. Federal law prohibits illegal aliens in our Nation from receiving resident tuition benefits that are denied to U.S. citizens residing in other states. *See* 8 U.S.C. § 1623(a). There are no exceptions. Yet, Oregon has ignored this Congressional prohibition for over a decade.

2. In 2013, Oregon passed the Tuition Equity Act, which gives illegal aliens who are living in Oregon access to in-state tuition. *See* House Bill 2787, recodified at Or. Rev. Stat. § 352.287 (previously Or. Rev. Stat. § 351.641). This law constitutes blatant unequal treatment favoring illegal aliens over U.S. citizens.

3. Worse, such preferential treatment is squarely prohibited and preempted by federal law mandating that "an alien who is not lawfully present in the United States *shall not be* eligible on the basis of residence within a State . . . for any postsecondary education benefit unless a citizen or national of the United States is eligible for such a benefit . . . without regard to whether the citizen or national is such a resident." 8 U.S.C. § 1623(a) (emphasis added). Accordingly, under the Supremacy Clause of our Nation's Constitution, Or. Rev. Stat. § 352.287's extension of eligibility for postsecondary education benefits to illegal aliens is unconstitutional and must yield to Federal law.

4. Courts have long recognized 8 U.S.C. § 1623's express preemptive effect. *See, e.g., Young Conservatives of Tex. Found. v. Smatresk*, 73 F.4th 304, 313 (5th Cir. 2023) (holding that Section 1623 "expressly preempts state rules that grant illegal aliens benefits when U.S. citizens haven't received the same. No matter what a state says, if a state did not make U.S. citizens eligible, illegal aliens cannot be eligible"); *Equal Access Educ. v. Merten*, 305 F. Supp. 2d 585, 606 (E.D. Va. 2004) (stating that under Section 1623(a), "public post-secondary institutions need not admit illegal aliens at all, but if they do, these aliens cannot receive in-state tuition unless out-of-state United States citizens receive this benefit"); *Foss v. Ariz. Bd. of Regents*, No. 1 CA-CV 18-0781,

2019 WL 5801690, at *8 (Ariz. Ct. App. Nov. 7, 2019) ("Section 1623 is directed at institutional practices, curtailing the authority of educational institutions to grant in-state tuition benefits to undocumented aliens. . . .").

5. Numerous courts have struck down similar in-state tuition laws as unconstitutional based on Section 1623's preemptive effect. *See, e.g., United States v. Illinois*, No. 25-cv-1691-DWD, 2026 WL 2137256, at *10 (S.D. Ill. July 24, 2026) (holding that 8 U.S.C. § 1623(a) expressly preempted Illinois laws to the extent they operated to "grant postsecondary education benefits to aliens not lawfully present on the basis of their residence within Illinois"); *United States v. Texas*, 350 F.R.D. 74, 79–81 (N.D. Tex. 2025); *see also United States v. Texas*, No. 7:25-CV-00055, 2025 WL 1583869, at *1 (N.D. Tex. June 4, 2025) (permanently enjoining Texas defendants from enforcing Texas Education Code §§ 54.051(m) and 54.052(a) because the challenged provisions violated the Supremacy Clause), *aff'd United States v. Texas et al.*, --- F.4th ---, No. 25-10898, 2026 WL 1983151 (5th Cir. 2026); *United States v. Oklahoma*, No. 6:25-cv-00265, ECF 23 at 1 (E.D. Okla. Aug. 29, 2025) (Order and Final Consent Judgment); *see also United States v. Oklahoma*, No. 6:25-cv-00265, ECF 11 at 1 (E.D. Okla. Aug. 7, 2025) (Report and Recommendation) (holding that Section 1623(a) expressly preempts Oklahoma laws providing that individuals "who are not lawfully present in the United States may qualify for in-state tuition or nonresident tuition waivers if they meet certain residency and high school graduation criteria"); *United States v. Nebraska*, ---F.Supp.3d--- 2026 WL 1584862 *27 (D. Neb. June 3, 2026) (holding Nebraska laws were preempted by Section 1623(a) because "they allow aliens unlawfully present in the United States to qualify as 'residents' of Nebraska for the purpose of post-secondary education benefits but deny such benefits to United States citizens of other states'"); *United States v. Kentucky Council on Postsecondary Educ., et al.*, No. 3:25-cv-00028, 2026 WL 880597 (E.D. Ky. Mar. 31, 2026) (holding Kentucky regulation violated federal law, 8

U.S.C. § 1621(d), because it was a regulation, not an enacted State law as required by Section 1621(d)). This Court should do the same.

**JURISDICTION AND VENUE**

6. The Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345.

7. Venue is proper in this jurisdiction under 28 U.S.C. § 1391(b) because: (1) all Defendants reside in this judicial district; and (2) a substantial portion of the events giving rise to this Complaint arose from events occurring within this judicial district.

8. The Court has the authority to provide the relief requested under the Supremacy Clause, U.S. Const. art. VI, cl. 2; 28 U.S.C. §§ 1651, 2201, and 2202; and the Court's inherent equitable powers.

**PARTIES**

9. Plaintiff, the United States of America, regulates immigration under its inherent, constitutional, and statutory authorities. Plaintiff enforces federal immigration laws through its Executive agencies, including the Department of Justice, Department of Homeland Security ("DHS"), and DHS component agencies, U.S. Immigration and Customs Enforcement, U.S. Citizenship and Immigration Services, and U.S. Customs and Border Protection.

10. Defendant State of Oregon is a state of the United States.

11. Defendant Oregon Higher Education Coordinating Commission ("HECC") "[d]evelop[s] state goals for the state post-secondary education system," "[d]etermine[s] strategic investments" for Oregon colleges, and "[a]dopt[s] a strategic plan for achieving state post-secondary education goals," among other similar governance tasks. Or. Rev. Stat. § 350.075. The HECC is the state agency responsible for administering financial aid programs and approving various regulations and policies for Oregon's public postsecondary institutions. *See* Or. Rev. Stat. §§ 350.075, 348.520. These include review of annual Public University tuition increases above

five percent, Or. Rev. Stat. § 350.075, and creating appropriations and rules governing the distribution of funds for scholarships, loans, and grants including the Oregon Opportunity Grant, Or. Rev. Stat. §§ 350.075, 348.205, 348.511.

12. The Board of Trustees of the University of Oregon is the governing board of the University of Oregon. Or. Rev. Stat. § 352.054. It has authority to, *inter alia*, "authorize, establish, eliminate, collect, manage, use in any manner and expend all revenue derived from tuition and mandatory enrollment fees" for the University and to "establish a process for determining tuition and mandatory enrollment fees." Or. Rev. Stat. § 352.102(1)–(2).

13. The Board of Trustees of Portland State University is the governing board of Portland State University. Or. Rev. Stat. § 352.054. It has authority to, *inter alia*, "authorize, establish, eliminate, collect, manage, use in any manner and expend all revenue derived from tuition and mandatory enrollment fees" for the University and to "establish a process for determining tuition and mandatory enrollment fees." Or. Rev. Stat. § 352.102(1)–(2).

14. The Board of Trustees of Oregon State University is the governing board of Oregon State University. Or. Rev. Stat. § 352.054. It has authority to, *inter alia*, "authorize, establish, eliminate, collect, manage, use in any manner and expend all revenue derived from tuition and mandatory enrollment fees" for the University and to "establish a process for determining tuition and mandatory enrollment fees." Or. Rev. Stat. § 352.102(1)–(2).

15. The Board of Trustees of Eastern Oregon University is the governing board of Eastern Oregon University. Or. Rev. Stat. § 352.054. It has authority to, *inter alia*, "authorize, establish, eliminate, collect, manage, use in any manner and expend all revenue derived from tuition and mandatory enrollment fees" for the University and to "establish a process for determining tuition and mandatory enrollment fees." Or. Rev. Stat. § 352.102(1)–(2).

16. The Board of Trustees of the Oregon Institute of Technology is the governing board of the Oregon Institute of Technology. Or. Rev. Stat. § 352.054. It has authority to, *inter alia*, "authorize, establish, eliminate, collect, manage, use in any manner and expend all revenue derived from tuition and mandatory enrollment fees" for the University and to "establish a process for determining tuition and mandatory enrollment fees." Or. Rev. Stat. § 352.102(1)–(2).

17. The Board of Trustees of Southern Oregon University is the governing board of Southern Oregon University. Or. Rev. Stat. § 352.054. It has authority to, *inter alia*, "authorize, establish, eliminate, collect, manage, use in any manner and expend all revenue derived from tuition and mandatory enrollment fees" for the University and to "establish a process for determining tuition and mandatory enrollment fees." Or. Rev. Stat. § 352.102(1)–(2).

18. The Board of Trustees of Western Oregon University is the governing board of Western Oregon University. Or. Rev. Stat. § 352.054. It has authority to, *inter alia*, "authorize, establish, eliminate, collect, manage, use in any manner and expend all revenue derived from tuition and mandatory enrollment fees" for the University and to "establish a process for determining tuition and mandatory enrollment fees." Or. Rev. Stat. § 352.102(1)–(2).[1]

19. The Blue Mountain Community College Board of Education is the governing board of Blue Mountain Community College. It has the authority to, *inter alia*, "prescribe and collect tuition for admission to the community college, including fixing different tuition rates for students who reside in the district, students who do not reside in the district but are residents of the state and students who do not reside in the state." Or. Rev. Stat. § 341.290(7).

---

[1] Collectively, the Boards of Trustees of the University of Oregon, Portland State University, Oregon State University, Eastern Oregon University, the Oregon Institute of Technology, Southern Oregon University, and Western Oregon University are hereinafter referred to as the "Public University Boards."

20. The Central Oregon Community College Board of Education is the governing board of Central Oregon Community College. It has the authority to, *inter alia*, "prescribe and collect tuition for admission to the community college, including fixing different tuition rates for students who reside in the district, students who do not reside in the district but are residents of the state and students who do not reside in the state." Or. Rev. Stat. § 341.290(7).

21. The Chemeketa Community College Board of Education is the governing board of the Chemeketa Community College. It has the authority to, *inter alia*, "prescribe and collect tuition for admission to the community college, including fixing different tuition rates for students who reside in the district, students who do not reside in the district but are residents of the state and students who do not reside in the state." Or. Rev. Stat. § 341.290(7).

22. The Clackamas Community College Board of Education is the governing board of the Clackamas Community College. It has the authority to, *inter alia*, "prescribe and collect tuition for admission to the community college, including fixing different tuition rates for students who reside in the district, students who do not reside in the district but are residents of the state and students who do not reside in the state." Or. Rev. Stat. § 341.290(7).

23. The Clatsop Community College Board of Education is the governing board of Clatsop Community College. It has the authority to, *inter alia*, "prescribe and collect tuition for admission to the community college, including fixing different tuition rates for students who reside in the district, students who do not reside in the district but are residents of the state and students who do not reside in the state." Or. Rev. Stat. § 341.290(7).

24. The Columbia Gorge Community College Board of Education is the governing board of Columbia Gorge Community College. It has the authority to, *inter alia*, "prescribe and collect tuition for admission to the community college, including fixing different tuition rates for

students who reside in the district, students who do not reside in the district but are residents of the state and students who do not reside in the state." Or. Rev. Stat. § 341.290(7).

25. The Klamath Community College Board of Education is the governing board of Klamath Community College. It has the authority to, *inter alia*, "prescribe and collect tuition for admission to the community college, including fixing different tuition rates for students who reside in the district, students who do not reside in the district but are residents of the state and students who do not reside in the state." Or. Rev. Stat. § 341.290(7).

26. The Lane Community College Board of Education is the governing board of Lane Community College. It has the authority to, *inter alia*, "prescribe and collect tuition for admission to the community college, including fixing different tuition rates for students who reside in the district, students who do not reside in the district but are residents of the state and students who do not reside in the state." Or. Rev. Stat. § 341.290(7).

27. The Linn-Benton Community College Board of Education is the governing board of Linn-Benton Community College. It has the authority to, *inter alia*, "prescribe and collect tuition for admission to the community college, including fixing different tuition rates for students who reside in the district, students who do not reside in the district but are residents of the state and students who do not reside in the state." Or. Rev. Stat. § 341.290(7).

28. The Mt. Hood Community College Board of Education is the governing board of Mt. Hood Community College. It has the authority to, *inter alia*, "prescribe and collect tuition for admission to the community college, including fixing different tuition rates for students who reside in the district, students who do not reside in the district but are residents of the state and students who do not reside in the state." Or. Rev. Stat. § 341.290(7).

29. The Portland Community College Board of Education is the governing board of Portland Community College. It has the authority to, *inter alia*, "prescribe and collect tuition for

admission to the community college, including fixing different tuition rates for students who reside in the district, students who do not reside in the district but are residents of the state and students who do not reside in the state." Or. Rev. Stat. § 341.290(7).

30. The Rogue Community College Board of Education is the governing board of Rogue Community College. It has the authority to, *inter alia*, "prescribe and collect tuition for admission to the community college, including fixing different tuition rates for students who reside in the district, students who do not reside in the district but are residents of the state and students who do not reside in the state." Or. Rev. Stat. § 341.290(7).

31. The Tillamook Bay Community College Board of Education is the governing board of Tillamook Bay Community College. It has the authority to, *inter alia*, "prescribe and collect tuition for admission to the community college, including fixing different tuition rates for students who reside in the district, students who do not reside in the district but are residents of the state and students who do not reside in the state." Or. Rev. Stat. § 341.290(7).

32. The Treasure Valley Community College Board of Education is the governing board of Treasure Valley Community College. It has the authority to, *inter alia*, "prescribe and collect tuition for admission to the community college, including fixing different tuition rates for students who reside in the district, students who do not reside in the district but are residents of the state and students who do not reside in the state." Or. Rev. Stat. § 341.290(7).[2]

33. The Board of Directors of the Oregon Health and Science University is the governing board of the Oregon Health and Science University ("OHSU"). It has the authority to,

---

[2] Collectively, the Boards of Education of Blue Mountain Community College, Central Oregon Community College, Chemeketa Community College, Clackamas Community College, Clatsop Community College, Columbia Gorge Community College, Klamath Community College, Lane Community College, Linn-Benton Community College, Mt. Hood Community College, Portland Community College, Rogue Community College, Tillamook Bay Community College, and Treasure Valley Community College are hereinafter referred to as the "Community College Boards."

*inter alia*, "[e]stablish, charge, collect and use charges for enrollment into the university, including charges such as tuition for education and general services, incidental fees and such other charges found by the university to be necessary to carry out its educational programs." Or. Rev. Stat. § 353.050(13).

**FEDERAL LAW**

34. The Constitution empowers Congress to "establish an uniform Rule of Naturalization," U.S. Const. art. I, § 8, cl. 4, and to "regulate Commerce with foreign Nations," U.S. Const. art. I, § 8, cl. 3.

35. The Constitution also vests the President of the United States with "[t]he executive Power," U.S. Const. art. II, § 1, and authorizes the President to "take Care that the Laws be faithfully executed," U.S. Const. art. II, § 3, which necessarily includes his duty to take care over immigration matters.

36. The United States has inherent, well-established, preeminent, and preemptive authority to regulate immigration matters. This authority derives from its inherent obligations as a sovereign, the Constitution, and numerous acts of Congress. *See, e.g.*, *Fong Yue Ting v. United States*, 149 U.S. 698, 711 (1893) ("The right to exclude or to expel all aliens, or any class of aliens, absolutely or upon certain conditions, in war or in peace, [is] an inherent and inalienable right of every sovereign and independent nation, essential to its safety, its independence, and its welfare . . . ."); *Ping v. United States*, 130 U.S. 581, 603–04 (1889) ("Jurisdiction over its own territory to that extent is an incident of every independent nation. It is a part of its independence. If it could not exclude aliens it would be to that extent subject to the control of another power."); *U.S. ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 542 (1950) ("The exclusion of aliens is a fundamental act of sovereignty. The right to do so stems not alone from legislative power but is inherent in the executive power to control the foreign affairs of the nation. When Congress

prescribes a procedure concerning the admissibility of aliens, it is not dealing alone with a legislative power. It is implementing an inherent executive power.”).

37. Based on its enumerated constitutional and sovereign powers to control and conduct relations with foreign nations, the Federal Government has broad authority to establish immigration laws. *See Fiallo v. Bell*, 430 U.S. 787, 798 (1977) (explaining that matters of immigration concern “policy questions entrusted exclusively to the political branches of our Government,” leaving “no judicial authority” for courts “to substitute [their] political judgment for that of the Congress”).

38. Specifically, in 1996, Congress passed the Personal Responsibility and Work Opportunity Reconciliation Act (“PRWORA”) and the Illegal Immigration Reform and Immigrant Responsibility Act (“IIRIRA”). *See* PRWORA, Pub. L. No. 104-193, 110 Stat. 2268 (1996); IIRIRA, Pub. L. No. 104-208, Div. C, 110 Stat. 3009-546 (1996). Those Acts sought to encourage self-sufficiency among immigrants, limit their dependence on public assistance, and prevent public benefits from serving as an incentive for illegal immigration. *See id.*; *see also* 8 U.S.C. § 1601(1) (“Self-sufficiency has been a basic principle of United States immigration law since this country’s earliest immigration statutes.”).

39. Congress declared that “aliens within the Nation’s borders [should] not depend on public resources to meet their needs, but rather rely on their own capabilities and the resources of their families, their sponsors, and private organizations.” 8 U.S.C. § 1601(2)(A).

40. Congress also emphasized that “the availability of public benefits [should] not constitute an incentive for immigration to the United States.” *Id.* § 1601(2)(B).

41. Moreover, Congress determined that “[i]t is a compelling government interest to enact new rules for eligibility and sponsorship agreements in order to assure that aliens be self-

reliant in accordance with national immigration policy" and "to remove the incentive for illegal immigration provided by the availability of public benefits." 8 U.S.C. § 1601(5)-(6).

42. As relevant here, PRWORA provides: "A State may provide that an alien who is not lawfully present in the United States is eligible for any State or local public benefit for which such alien would otherwise be ineligible . . . only through the enactment of a State law after August 22, 1996, which affirmatively provides for such eligibility." 8 U.S.C. § 1621(d).

43. But even in such cases, a state may not offer in-state tuition (or "resident tuition") benefits to illegal aliens present in the United States based on their residence in the state, if those same benefits are denied to American citizens from other states. *See* 8 U.S.C. § 1623(a). IIRIRA included a clear "[l]imitation on eligibility for preferential treatment of aliens not lawfully present on basis of residence for higher education benefits." *Id*.

44. Section 1623(a) provides that:

> Notwithstanding any other provision of law, an alien who is not lawfully present in the United States shall not be eligible on the basis of residence within a State (or a political subdivision) for any postsecondary education benefit unless a citizen or national of the United States is eligible for such a benefit (in no less an amount, duration, and scope) without regard to whether the citizen or national is such a resident.

8 U.S.C. § 1623(a).

45. Accordingly, under 8 U.S.C. § 1623(a), illegal aliens present in the United States are not eligible for postsecondary education benefits based on state residency unless those same benefits are also offered to all American citizens, regardless of their state of residence.

46. On February 19, 2025, President Trump issued Executive Order 14218, *Ending Taxpayer Subsidization of Open Borders*,[3] ordering Federal Departments and Agencies to "ensure,

[3] Executive Order, *Ending Taxpayer Subsidization of Open Borders*, 90 Fed. Reg. 10581 (Feb. 19, 2025), https://perma.cc/V5KX-DX6Q.

to the maximum extent permitted by law, that no taxpayer-funded benefits go to unqualified aliens." *Id*. § 2(a).

47. On April 28, 2025, President Trump issued Executive Order 14287, *Protecting American Communities From Criminal Aliens*,[4] directing relevant officials to ensure the "[e]qual [t]reatment of Americans" and to "take appropriate action to stop the enforcement of State and local laws, regulations, policies, and practices favoring aliens over any groups of American citizens that are unlawful, preempted by Federal law, or otherwise unenforceable, including State laws that provide in-State higher education tuition to aliens but not to out-of-State American citizens." *Id*. § 5.

48. These Executive Orders emphasize that Federal and state governments must not confer greater benefits to illegal aliens present in our Nation than to U.S. citizens. Those Executive Orders also reflect Congress's end—expressed in multiple provisions of the Immigration and Nationality Act—to reduce incentives for illegal immigration by limiting access to certain public benefits intended for U.S. citizens.

## OREGON LAWS

### I. Oregon Makes Illegal Aliens Eligible for Resident Tuition.

49. Oregon, like most states, charges two separate tuition rates at its public colleges and universities: resident and nonresident tuition. *See* Or. Rev. Stat. § 352.287; Or. Rev. Stat. Ann. § 341.487; Or. Rev. Stat. § 353.123.

50. Oregon law rewards an illegal alien present in our Nation with eligibility for in-state tuition, based on residency within Oregon, while explicitly denying eligibility for resident tuition rates to U.S. citizens who are not Oregon residents.

[4] Executive Order, *Protecting American Communities From Criminal Aliens*, 90 Fed. Reg. 18761 (Apr. 28, 2025), https://perma.cc/83KY-N8Q9.

A. Oregon Public Universities

51. Tuition rates for residents are significantly less than the tuition rates for nonresidents. For example, the University of Oregon charges Oregon residents approximately $17,475 in tuition and fees for one academic year but charges non-Oregon residents approximately $47,466.[5]

52. Similarly, Western Oregon University charges Oregon residents approximately $10,350 for one academic year of tuition and non-Oregon residents approximately $30,600.[6]

53. Since 2013, Oregon law has rewarded resident illegal aliens with eligibility for in-state tuition benefits at Public Universities in Oregon while denying that same benefit to U.S. citizens who are not residents of Oregon. *See* Or. Rev. Stat. § 352.287.

54. Section 352.287 unequivocally makes illegal aliens living in Oregon eligible to receive resident tuition in Oregon. Pursuant to that Section, the Public University Boards "shall exempt a student who is not a citizen or a lawful permanent resident of the United States from paying nonresident tuition and fees for enrollment as an undergraduate student and as a graduate student" if the student:

> (a) During each of the three years immediately prior to receiving a high school diploma or a modified diploma or leaving school before receiving a high school diploma or a modified diploma, attended an elementary or a secondary school in this state;
>
> (b) During each of the five years immediately prior to receiving a high school diploma or a modified diploma or leaving school before receiving a high school diploma or a modified diploma, attended an elementary or a secondary school in any state or territory of the United States, the District of Columbia or the Commonwealth of Puerto Rico;

---

[5] The University of Oregon, *Financial Aid and Scholarships*, https://perma.cc/5DK7-39ZX (last visited July 17, 2026).

[6] Western Oregon University, *Financial Aid*, https://perma.cc/6RR2-7LJ6 (last visited July 17, 2026).

> (c) Received a high school diploma or a modified diploma from a secondary school in this state or received the equivalent of a high school diploma; and
>
> (d) Shows intention to become a citizen or a lawful permanent resident of the United States by submitting to the public university the student attends or plans to attend an official copy of the student's application to register with a federal immigration program or federal deportation deferral program or a statement of intent that the student will seek to obtain citizenship as permitted under federal law.

Or. Rev. Stat. § 352.287(1).

55. Elementary school attendance followed by high school attendance in Oregon for three years is a near perfect proxy for residence. *See* Or. Rev. Stat. §§ 339.115, 339.133 (conditioning aspects of attendance at public schools on residency).

56. Thus, Oregon law grants illegal aliens eligibility to receive in-state tuition so long as they attended some elementary school, attended and graduated high school in Oregon, and show an intent to become a lawful citizen. *See* Or. Rev. Stat. § 352.287(1).

57. Accordingly, the tuition rate for illegal aliens in Oregon who satisfy Section 352.287's criteria is the same tuition rate as other Oregon residents. Conversely, a U.S. citizen that is not eligible for in-state tuition under Section 352.287, due to residency requirements, is required to pay higher, nonresident tuition.

58. Put simply, Section 352.287's requirements confer preferential treatment to illegal aliens within our Nation over U.S. citizens on the basis of residence.

B. Oregon Community Colleges

59. Oregon, through the HECC, maintains 17 community college districts throughout the State, each of which operates one or more community colleges. *See* Or. Rev. Stat. §§ 341.076, 341.005(5). The Oregon community college districts function independently of each other.

60. Rather than establishing uniform criteria by which an illegal alien is eligible for in-state tuition like it does with its Public Universities, *see* Or. Rev. Stat. § 352.287(1), Oregon law

allows each individual Community College Board to "prescribe and collect tuition for admission to the community college, including fixing different tuition rates for students who reside in the district, students who do not reside in the district but are residents of the state and students who do not reside in the state." Or. Rev. Stat. § 341.290(7).

61. For example, Linn-Benton Community College sets tuition for Oregon residents[7] at $160.30 per credit hour, residents of other states at $372.55 per credit hour, and international students at $454.65 per credit hour.[8]

62. Linn-Benton Community College's Administrative Rule 7075-05 provides:

> [a] resident, for tuition and fee-paying purposes at Linn-Benton Community College, is a student who has lived in the Linn-Benton Community College district or in the state of Oregon as a permanent resident for no less than 90 continuous days immediately preceding the first day of classes for the quarter in which residency is in question. Permanent residence is defined as the home to which one intends to return after any absence and in which one's dependents reside for an unlimited period of time. A non-resident of the district, but an Oregon resident, is a student who satisfies the above requirements within the state.[9]

63. There is no legal status requirement to qualify in-state tuition. Therefore, upon information and belief, Linn-Benton Community College offers illegal aliens in-state tuition based on residence so long as they meet certain criteria, without offering the same to U.S. citizens who are residents of another state.

---

[7] Linn-Benton Community College and several other public colleges and universities offer in-state tuition for residents of nearby states like California, Idaho, Nevada, and Washington. This does nothing to cure the violation of federal law to the extent that such tuition is permitted by state statute.

[8] Linn-Benton Community College, *Tuition & Fees*, https://perma.cc/5Q5V-4NFM (last visited Aug. 25, 2026).

[9] Linn-Benton Community College, *Administrative Rule 7075-05*, https://perma.cc/SH4D-F6HJ (last visited Aug. 25, 2026).

64. Other Community Colleges likewise offer in-state tuition and other benefits to illegal aliens. For example, Rogue Community College "[d]oes not inquire about a student's immigration status or that of their family members."[10]

65. Therefore, upon information and belief, each of the Community College Boards allows illegal aliens to be eligible for in-state tuition based on residence so long as they meet certain criteria, without offering the same to U.S. citizens who are residents of another state.

66. There is no State law enacted after August 22, 1996, which affirmatively provides for such eligibility.

C. Oregon Health and Science University

67. OHSU, like the Public Universities and most community colleges in Oregon, charges lower tuition rates for Oregon residents than for nonresidents. For example, in its Nurse Anesthesia Program, OHSU charges Oregon residents approximately $906 for one credit hour for the 2026-27 academic year but charges non-Oregon residents approximately $944 for the same.[11]

68. Oregon law rewards an illegal alien present in our Nation with eligibility for in-state tuition at OSHU based on residency within Oregon, while denying eligibility for resident tuition rates to U.S. citizens who are not Oregon residents. *See* Or. Rev. Stat. § 353.123(1).

69. With certain limited exceptions,[12] the OHSU Board of Directors "may exempt a student who is not a citizen or a lawful permanent resident of the United States from paying nonresident tuition and fees for enrollment at Oregon Health and Science University consistent

[10] Rogue Community College, *Right to Learn*, (last visited Aug. 26, 2026), available at https://www.roguecc.edu/about/governance/presidents-office/right-to-learn.php.
[11] Oregon Health and Science University, *Nurse Anesthesia*, https://perma.cc/4JN4-2DL3 (last visited Aug. 25, 2026).
[12] These include special rules for students from the Republic of the Marshall Islands, the Federated States of Micronesia, and the Republic of Palau, and for students who are refugees, asylum seekers, or special immigrant visa holders. Or. Rev. Stat. § 353.123(1).

with policies adopted by the board or by university officials acting under authority of the board." Or. Rev. Stat. § 353.123(1).

70. The OHSU Board of Directors' policies for student residency for tuition purposes are published in the OHSU Policy Manual.[13] As relevant here, the Policy Manual states that a person qualifies as an Oregon resident if, in addition to meeting residency requirements outlined in the Policy Manual,[14] he or she:

> has been formally admitted into an academic program at OHSU for an academic year starting on or after 2014-15 and shows intention to become a citizen or lawful permanent resident of the United States by submitting to OHSU an official copy of the person's application to register with a federal immigration program or federal deportation deferral program or a statement of intent that the person will seek to obtain citizenship as permitted under federal law.[15]

71. Accordingly, pursuant to Section 353.123(1), the tuition rate at OHSU for illegal aliens in Oregon who satisfy the Policy Manual's residency criteria is the same tuition rate charged to other Oregon residents. Conversely, a U.S. citizen who is not eligible for in-state tuition under the Policy Manual, due to residency requirements, is required to pay higher, nonresident tuition.

72. Put simply, Section 353.123(1) confers preferential treatment to illegal aliens within our Nation over U.S. citizens on the basis of residence.

---

[13] Oregon Health and Science University, *OHSU Policy Manual*, Policy Number 02-10-010 (May 13, 2026), available at https://ohsu.ellucid.com/pman/documents/view/20875/?security=d67514ec645e6258f25fbda73dc0c307369f2141.

[14] An illegal alien can generally establish Oregon residency for tuition purposes if he meets the following criteria for the 12 consecutive months immediately prior to commencing enrollment in an OHSU academic program:

(1) He or she has established and maintained a domicile in Oregon; and
(2) He or she has not enrolled for more than eight credit hours per term as a college student (unless he can prove he established a bona fide domicile in Oregon primarily for purposes other than educational). *Id.* §§ 3.A–B. *See also id.* § 3.G(2).

[15] *Id.* §§ 3.A–B.

## II. Oregon Makes Illegal Aliens Eligible for Scholarships and Financial Assistance Based on Residence.

73. Oregon law also rewards illegal aliens present in our Nation with eligibility for state-funded scholarships and financial assistance based on residence within Oregon while explicitly denying eligibility for the same state-funded scholarships to U.S. citizens who are not Oregon residents.

### A. Financial Aid Under the Oregon Student Aid Application

74. Or. Rev. Stat. § 352.287 governs who is eligible for student financial aid at its Public Universities. "A student who is not a citizen or a lawful permanent resident of the United States . . . is eligible to receive scholarships and other financial aid from [Public Universities]." Or. Rev. Stat. § 352.287(8).

75. The Federal Free Application for Federal Student Aid ("FAFSA") is an application form used to determine students' eligibility for financial assistance for higher education, including federal grants. Federal student aid, however, is not available to illegal aliens.[16] Many states require a student to complete the FAFSA to be eligible for state financial assistance.

76. As an alternative to FAFSA, Oregon offers the Oregon Student Aid Application ("ORSAA")[17] for "undocumented students includ[ing] students with DACA (Deferred Action for Childhood Arrivals) and TPS (Temporary Protected Status)."[18] Upon information and belief, the HECC establishes and maintains the ORSAA pursuant to Sections 352.287(8) and 348.520.

---

[16] Federal Student Aid, *Undocumented Students and Financial Aid*, https://perma.cc/8ALR-JF54 (last visited July 10, 2026).

[17] Oregon Student Aid, *FAFSA/ORSAA Information*, https://perma.cc/6MMS-EQX5 (last visited July 20, 2026).

[18] Oregon Student Aid, *I am a…DACA/Undocumented Student*, https://perma.cc/YL4L-H7Q4 (last visited July 20, 2026).

77. The HECC "uses information from the ORSAA to calculate student' financial need and award eligibility for grants and scholarships."[19] If the Oregon Office of Student Access and Completion ("OSAC") determines the applicant qualifies, illegal alien students in Oregon may be eligible for the Oregon Opportunity Grant, the Oregon Promise Grant, and over six hundred OSAC scholarships.[20]

78. As clarified by a pre-filter tool used before filling out the ORSAA, even if the applicant does not have a social security number, is not a United States citizen or United States national, and is not living in the United States with a valid visa or immigration status, the applicant is eligible for ORSAA as long as he or she has "lived in Oregon for at least 12 months prior to attending college."[21]

79. Thus, ORSAA makes any illegal alien residing in Oregon eligible for financial assistance so long as he or she has lived in Oregon for at least a year prior to attending college, while a U.S. citizen residing outside of Oregon is not eligible.

B. Financial Aid Under the Oregon Opportunity Grant

80. The Oregon Opportunity Grant ("the Grant") exists within the HECC and is administered by the Office of Student Access and Completion ("OSAC"), a subsidiary of the HECC. Or. Rev. Stat. §§ 348.205, 348.511.

81. The purpose of the Grant is "to reward student persistence and encourage completion of degree programs at eligible post-secondary institutions." Or. Rev. Stat. § 348.263.

82. If a student qualifies under the Grant program, the HECC "award[s] grants to qualified students for the purpose of assisting those students with the cost of education." Or. Rev.

[19] Oregon Student Aid, *FAFSA/ORSAA Information*, https://perma.cc/6MMS-EQX5 (last visited July 20, 2026).
[20] *Id.*
[21] Office of Student Access and Completion, *FAFSA/ORSAA Pre-Filter Tool*, https://perma.cc/NM3K-3FX4 (last visited July 20, 2026).

Stat. § 348.205(2). The cost of education is determined "based on the type of eligible post-secondary institution the student is attending." Or. Rev. Stat. § 348.205(3).

83. Under Section 348.180, "Qualified student" means:

> any student who has been a resident of this state for not less than 12 months prior to enrolling at an eligible post-secondary institution and who:
>
> (a) Has not achieved a baccalaureate or higher degree from any post-secondary institution;
>
> (b) Is enrolled in an eligible program as defined by rule of the Higher Education Coordinating Commission;
>
> (c) Is making satisfactory academic progress as defined by rule of the commission;
>
> (d) Has not been admitted to the United States for the purpose of enrolling in a program of study at an institution of higher education.

Or. Rev. Stat. § 348.180(4).

84. A qualified applicant is eligible to receive the Grant established under Section 348.250 if: "(a) The applicant's financial need is such that in the opinion of the director financial aid is warranted; and (b) The applicant plans to be a student at the eligible post-secondary institution where the grant is to be used." Or. Rev. Stat. § 348.250(3).

85. Thus, the Oregon Opportunity Grant makes illegal aliens residing in Oregon eligible for financial assistance so long as they satisfy certain requirements, while a U.S. citizen residing outside of Oregon is not eligible.

C. <u>The Oregon Promise Scholarship/Grant</u>

86. The HECC, through the OSAC, administers the Oregon Promise Scholarship. Or. Rev. Stat. § 341.522.

87. Students are eligible for the Scholarship if, among other things, they are enrolled in courses that are offered at an Oregon community college and have "been a resident of this state for at least 12 months prior to enrolling in the qualifying courses" and obtained their "highest level

of education . . . in this state prior to" receiving a high school diploma, certificate for passing an approved high school equivalency test, or "[c]ompleting grade 12." Or. Rev. Stat. § 341.522.

88. Notably, eligibility does not turn on completing the FASFA if a student is not eligible to do so, like illegal aliens. Or. Rev. Stat. § 341.522(3)(f).

89. For 2026-2027, full-time, full-year students who were awarded the Oregon Promise Scholarship received $2,280 to $4,716 per year.[22]

90. Once a student receives the Oregon Promise Scholarship, to maintain eligibility he or she must, among other things, remain an Oregon resident.[23]

91. Thus, the Oregon Promise Scholarship allows illegal aliens, who meet the eligibility requirements, which include residency requirements, to access state financial assistance, while a U.S. citizen residing outside of Oregon is not eligible.

D. Oregon Public University Scholarships

92. Illegal aliens are eligible for scholarships at Oregon's Public Universities if the alien meets residency criteria. *See* Or. Rev. Stat. § 352.287(8).

93. Oregon's Public Universities have implemented Section 352.287(8)'s authorization. For example, Oregon State offers financial aid, including grants and scholarships, for "[s]tudents who do not meet the citizenship or eligible non-citizenship criteria for the Free Application for Federal Student Aid (FAFSA)"[24]

94. Similarly, the University of Oregon Office of Distinguished Scholarships Resources lists eight scholarships that are specifically available to students without U.S.

---

[22] Oregon Student Aid, *Oregon Promise Grant*, https://perma.cc/2YG4-LJG9 (last visited July 20, 2026).
[23] Oregon Student Aid, *FAQ*, https://perma.cc/6KTY-LGYK (last visited July 20, 2026).
[24] Oregon State University, *Financial Aid for Undocumented and DACA Students*, https://perma.cc/A9E4-96T6 (last visited July 20, 2026).

citizenship, including students who "have been granted DACA status, do not hold formal citizenship in any country, or are otherwise undocumented."[25]

95. Western Oregon University also offers scholarships for illegal alien students. Notably, "TheDream.US Scholarship" is for "DACA, DREAMers, TPS, and/or Undocumented students."[26]

96. Accordingly, pursuant to Section 352.287(8), certain scholarships are available at Oregon's Public Universities for illegal aliens residing in Oregon. Conversely, a U.S. citizen residing outside of Oregon is not eligible for the same scholarships.

97. Put simply, Section 352.287(8) confers preferential treatment to illegal aliens within our Nation over U.S. citizens on the basis of residence.

E. OHSU Scholarship Programs

98. Oregon law states that an illegal alien "is eligible to receive scholarships and other financial aid from [OHSU] consistent with policies adopted by the board or university officials acting under the authority of the board." Or. Rev. Stat. § 353.123(2).

99. Pursuant to this section, the OHSU Board of Directors has established scholarship programs available to illegal aliens based on residency. For example, the Oregon Rural Nurse Scholars Scholarship pays "up to the full cost of tuition" and "a $1,500 stipend for travel to rural sites during the academic year" for a student of the OHSU nursing program.[27] To be considered, an applicant must meet the following criteria according to the OHSU School of Nursing's website:

(1) Entering his or her second year of the B.S. in nursing program at either the La Grande or Klamath Falls campus

[25] University of Oregon, *Resources for Undocumented Students*, https://perma.cc/435M-93PK (last visited Aug. 26, 2026).
[26] Western Oregon University, *Financial Aid*, https://perma.cc/L43S-RGV6 (last visited July 21, 2026).
[27] Oregon Health and Science University, *Nursing Scholarships*, https://perma.cc/QJA9-Y3V9 (last visited Aug. 25, 2026).

(2) Planning on living and working in a rural setting after graduation

(3) An Oregon resident

(4) In good academic standing.[28]

100. Although "resident" is not a defined term on the OHSU School of Nursing's website, OHSU as a whole has created a specialized higher-education residency framework in its Policy Manual. *See supra* Section I.C. Accordingly, upon information and belief, OHSU utilizes the Policy Manual's standard for in-state residence, for which illegal aliens are eligible.

101. Thus, acting under the authority granted by Section 353.123(2), OHSU offers illegal aliens residing in Oregon eligibility for certain OHSU scholarships based on residency as defined in its Policy Manual such as the Oregon Rural Nurse Scholars Scholarship, while a U.S. citizen residing outside of Oregon is not eligible.

## CLAIMS FOR RELIEF

### COUNT I
### VIOLATION OF THE SUPREMACY CLAUSE
### (PREEMPTION OF OR. REV. STAT. § 352.287 – TUITION)

102. The United States hereby incorporates the preceding paragraphs of the Complaint as if fully stated herein.

103. The Supremacy Clause of our Nation's Constitution mandates that "[t]his Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2.

104. The preemption doctrine is derived from the Supremacy Clause. Express preemption occurs when Congress includes express language within the statute indicating its preemptive intent. *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 372 (2000).

---

[28] *Id.*

105. Or. Rev. Stat. § 352.287 extends eligibility for postsecondary education benefits to illegal aliens contrary to Congress's prohibition on providing eligibility for postsecondary education benefits based on residency to illegal aliens present in the United States that are not available to all U.S. citizens regardless of residency. *See* 8 U.S.C. § 1623(a).

106. Accordingly, the challenged provision, Or. Rev. Stat. § 352.287, is preempted and unconstitutional.

**COUNT II**
**VIOLATION OF THE SUPREMACY CLAUSE**
**(PREEMPTION OF OR. REV. STAT. § 353.123 – TUITION)**

107. The United States hereby incorporates the preceding paragraphs of the Complaint as if fully stated herein.

108. Or. Rev. Stat. § 353.123 extends eligibility for postsecondary education benefits to illegal aliens contrary to Congress's prohibition on providing eligibility for postsecondary education benefits based on residency to illegal aliens present in the United States that are not available to all U.S. citizens regardless of residency. *See* 8 U.S.C. § 1623(a).

109. Accordingly, the challenged provision, Or. Rev. Stat. § 353.123, is preempted and unconstitutional.

**COUNT III**
**VIOLATION OF THE SUPREMACY CLAUSE**
**(PREEMPTION OF OR. REV. STAT. §§ 348.205, 348.180 – FINANCIAL AID)**

110. The United States hereby incorporates the preceding paragraphs of the Complaint as if fully stated herein.

111. Or. Rev. Stat. §§ 348.205 and 348.180 extend eligibility for postsecondary education benefits to illegal aliens contrary to Congress's prohibition on providing eligibility for postsecondary education benefits based on residency to illegal aliens present in the United States that are not available to all U.S. citizens regardless of residency. *See* 8 U.S.C. § 1623(a).

112. Accordingly, the challenged provisions, Or. Rev. Stat. §§ 348.205, 348.180, are preempted and unconstitutional.

**COUNT IV**
**VIOLATION OF THE SUPREMACY CLAUSE**
**(PREEMPTION OF OR. REV. STAT. § 341.522 – FINANCIAL AID)**

113. The United States hereby incorporates the preceding paragraphs of the Complaint as if fully stated herein.

114. Or. Rev. Stat. § 341.522 extends eligibility for postsecondary education benefits to illegal aliens contrary to Congress's prohibition on providing eligibility for postsecondary education benefits based on residency to illegal aliens present in the United States that are not available to all U.S. citizens regardless of residency. *See* 8 U.S.C. § 1623(a).

115. Accordingly, the challenged provision, Or. Rev. Stat. § 341.522, is preempted and unconstitutional.

**COUNT V**
**VIOLATION OF THE SUPREMACY CLAUSE**
**(PREEMPTION OF COMMUNITY COLLEGE BOARDS' TUITION PRACTICE – GRANTING OF BENEFITS WITHOUT ENACTED STATE STATUTE)**

116. The United States hereby incorporates the preceding paragraphs of the Complaint as if fully stated herein.

117. Linn-Benton Community College Board of Education's Administrative Rule 7075-05 (which provides in-state tuition eligibility without regard to legal status in the United States) and each named Community College Board's equivalent rule or practice violates federal immigration law because it expressly contravenes Congress's requirement that eligibility for State and local public benefits can "only" be provided to illegal aliens through "the enactment of a State law" that "affirmatively provides for such eligibility." 8 U.S.C. § 1621(d).

118. Accordingly, these Board rules and practices are preempted and unconstitutional.

## PRAYER FOR RELIEF

WHEREFORE, the United States respectfully requests the following relief:

1. That this Court enters a judgment declaring Or. Rev. Stat. § 352.287 violates the Supremacy Clause because it extends State and local public benefits to illegal aliens based on residence without offering the same benefits to U.S. citizens residing outside of Oregon and is therefore unconstitutional and preempted;

2. That this Court enters a judgment declaring the Community College Boards' practice and rules awarding in-state tuition to illegal aliens in the absence of an authorizing state statute violate the Supremacy Clause and are therefore unconstitutional and preempted;

3. That this Court enters a judgment declaring that Or. Rev. Stat. § 353.123 violates the Supremacy Clause because it extends State and local public benefits to illegal aliens based on residence without offering the same benefits to U.S. citizens residing outside of Oregon and is therefore unconstitutional and preempted;

4. That this Court enters a judgment declaring that Or. Rev. Stat. §§ 348.205 and 348.180 violate the Supremacy Clause because they extend State and local public benefits to illegal aliens based on residence without offering the same benefits to U.S. citizens residing outside of Oregon and are therefore unconstitutional and preempted;

5. That this Court enters a judgment declaring that Or. Rev. Stat. § 341.522 violates the Supremacy Clause because it extends State and local public benefits to illegal aliens based on residence without offering the same benefits to U.S. citizens residing outside of Oregon and is therefore unconstitutional and preempted;

6. That this Court issue a permanent injunction that prohibits Defendants as well as their successors, agents, and employees, from enforcing or implementing § 352.287 because it

extends State and local public benefits to illegal aliens based on residence without offering the same benefits to U.S. citizens residing outside of Oregon;

7. That this Court issue a permanent injunction that prohibits Defendant Community College Boards from enforcing or implementing their practice and/or rules of awarding in-state tuition to illegal aliens based on residence because not pursuant to a lawful enactment of State law;

8. That this Court issue a permanent injunction that prohibits Defendants as well as their successors, agents, and employees, from enforcing or implementing § 353.123 because it extends State and local public benefits to illegal aliens based on residence without offering the same benefits to U.S. citizens residing outside of Oregon;

9. That this Court issue a permanent injunction that prohibits Defendants as well as their successors, agents, and employees, from enforcing or implementing §§ 348.205 and 348.180 because they extend State and local public benefits to illegal aliens based on residence without offering the same benefits to U.S. citizens residing outside of Oregon;

10. That this Court issue a permanent injunction that prohibits Defendants as well as their successors, agents, and employees, from enforcing or implementing Or. Rev. Stat. § 341.522 because it extends State and local public benefits to illegal aliens based on residence without offering the same benefits to U.S. citizens residing outside of Oregon;

11. That this Court award the United States its costs and fees in this action; and

12. That this Court award any other relief it deems just and proper.

DATED: August 27, 2026

SCOTT E. BRADFORD
United States Attorney
District of Oregon
United States Attorney's Office
1000 SW Third Ave., Suite 600
Portland, Oregon 97204
Tel: (503) 727-1000

Respectfully Submitted,

STANLEY E. WOODWARD, JR.
Associate Attorney General

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ANNA EDWARDS
Counsel to the Associate Attorney General

JACQUELINE COLEMAN SNEAD
Deputy Director

*/s/Luke A. Miller*
LUKE A. MILLER
Trial Attorney
United States Department of Justice
450 5th Street NW
Washington, DC 20001
Tel: (202) 598-7479
Email: Luke.Miller2@usdoj.gov

*Attorneys for the United States*