MISHA ISAAK, Bar No. 086430
misha.isaak@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380
Facsimile: 503.220.2480

WHITNEY A. BROWN (*pro hac vice* forthcoming)
whitney.brown@stoel.com
STOEL RIVES LLP
510 L Street, Suite 500
Anchorage, AK 99501
Telephone: (907) 277-1900
Facsimile: 907.277.1920

*Attorneys for Defendants Board of Trustees of the University of Oregon; Board of Trustees of Oregon State University, Board of Trustees of Portland State University, Board of Trustees of the Oregon Institute of Technology, Board of Trustees of Western Oregon University, Board of Trustees of Southern Oregon University, Board of Trustees of Eastern Oregon University, and Board of Directors of Oregon Health and Science University*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

STATE OF OREGON; OREGON HIGHER EDUCATION COORDINATING COMMISSION; BOARD OF TRUSTEES OF THE UNIVERSITY OF OREGON; BOARD OF TRUSTEES OF OREGON STATE UNIVERSITY; BOARD OF TRUSTEES OF PORTLAND STATE UNIVERSITY; BOARD OF TRUSTEES OF THE OREGON INSTITUTE OF TECHNOLOGY; BOARD

Case No.: 3:26-CV-01781-JR

**UNIVERSITY DEFENDANTS' ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

DEMAND FOR JURY TRIAL

OF TRUSTEES OF WESTERN OREGON UNIVERSITY; BOARD OF TRUSTEES OF SOUTHERN OREGON UNIVERSITY; BOARD OF TRUSTEES OF EASTERN OREGON UNIVERSITY; BLUE MOUNTAIN COMMUNITY COLLEGE BOARD OF EDUCATION; CENTRAL OREGON COMMUNITY COLLEGE BOARD OF EDUCATION; CHEMEKETA COMMUNITY COLLEGE BOARD OF EDUCATION; CLACKAMAS COMMUNITY COLLEGE BOARD OF EDUCATION; CLATSOP COMMUNITY COLLEGE BOARD OF EDUCATION; COLUMBIA GORGE COMMUNITY COLLEGE BOARD OF EDUCATION; KLAMATH COMMUNITY COLLEGE BOARD OF EDUCATION; LANE COMMUNITY COLLEGE BOARD OF EDUCATION; LINN-BENTON COMMUNITY COLLEGE BOARD OF EDUCATION; MT. HOOD COMMUNITY COLLEGE BOARD OF EDUCATION; PORTLAND COMMUNITY COLLEGE BOARD OF EDUCATION; ROGUE COMMUNITY COLLEGE BOARD OF EDUCATION; TILLAMOOK BAY COMMUNITY COLLEGE BOARD OF EDUCATION; TREASURE VALLEY COMMUNITY COLLEGE BOARD OF EDUCATION; BOARD OF DIRECTORS OF OREGON HEALTH AND SCIENCE UNIVERSITY,

Defendants.

---

Defendants Board of Trustees of the University of Oregon, Board of Trustees of Oregon State University, Board of Trustees of Portland State University, Board of Trustees of Oregon Institute of Technology, Board of Trustees of Western Oregon University, Board of Trustees of Southern Oregon University, Board of Trustees of Eastern Oregon University, and Board of Directors of Oregon Health and Science University ("OHSU") (collectively, "University

Defendants") provide this Answer to the United States' Complaint for Declaratory and Injunctive Relief (the "Complaint"). University Defendants deny all allegations set forth in the Complaint unless specifically admitted, including allegations in section headings that are not enumerated paragraphs.

## INTRODUCTION

1. The allegations in paragraph 1 consist of legal conclusions to which no response is required. To the extent a response is required, University Defendants deny the allegations in paragraph 1.

2. The allegations in paragraph 2 purport to characterize Oregon law, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

3. The allegations in paragraph 3 purport to characterize federal and Oregon statutes, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

4. The allegations in paragraph 4 purport to characterize federal court decisions, the language of which is the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

5. The allegations in paragraph 5 purport to characterize federal court decisions, the language of which is the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied. The last sentence in paragraph 5 consists of a legal conclusion to which no response is required. To the extent a response is required, University Defendants deny the allegations in the last sentence of paragraph 5.

## JURISDICTION AND VENUE

6. The allegations in paragraph 6 consist of legal conclusions to which no response is required.

7. The allegations in paragraph 7 consist of legal conclusions to which no response is required.

8. The allegations in paragraph 8 consist of legal conclusions to which no response is required.

## PARTIES

9. The allegations in the first sentence of paragraph 9 consist of legal conclusions to which no response is required. University Defendants admit the allegations in the second sentence of paragraph 9.

10. University Defendants admit the allegations in paragraph 10.

11. The allegations in paragraph 11 consist of legal conclusions to which no response is required and purport to characterize Oregon statutes, the language of which is the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

12. University Defendants admit the allegations in the first sentence of paragraph 12. The remaining allegations in paragraph 12 purport to characterize Oregon statutes, the language of which is the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

13. University Defendants admit the allegations in the first sentence of paragraph 13. The remaining allegations in paragraph 13 purport to characterize Oregon statutes, the language

of which is the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context statutes are denied.

14. University Defendants admit the allegations in the first sentence of paragraph 14. The remaining allegations in paragraph 14 purport to characterize Oregon statutes, the language of which is the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context statutes are denied.

15. University Defendants admit the allegations in the first sentence of paragraph 15. The remaining allegations in paragraph 15 purport to characterize Oregon statutes, the language of which is the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context statutes are denied.

16. University Defendants admit the allegations in the first sentence of paragraph 16. The remaining allegations in paragraph 16 purport to characterize Oregon statutes, the language of which is the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context statutes are denied.

17. University Defendants admit the allegations in the first sentence of paragraph 17. The remaining allegations in paragraph 17 purport to characterize Oregon statutes, the language of which is the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context statutes are denied.

18. University Defendants admit the allegations in the first sentence of paragraph 18. The remaining allegations in paragraph 18 purport to characterize Oregon statutes, the language of which is the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context statutes are denied.

19. University Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 19 and so deny them. The remaining allegations in paragraph 19 purport to characterize an Oregon statute, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

20. University Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 20 and so deny them. The remaining allegations in paragraph 20 purport to characterize an Oregon statute, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context statutes are denied.

21. University Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 21 and so deny them. The remaining allegations in paragraph 21 purport to characterize an Oregon statute, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context statutes are denied.

22. University Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 22 and so deny them. The remaining allegations in paragraph 22 purport to characterize an Oregon statute, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context statutes are denied.

23. University Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 23 and so deny them. The remaining allegations in paragraph 23 purport to characterize an Oregon statute, the

language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context statutes are denied.

24. University Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 24 and so deny them. The remaining allegations in paragraph 24 purport to characterize an Oregon statute, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context statutes are denied.

25. University Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 25 and so deny them. The remaining allegations in paragraph 25 purport to characterize an Oregon statute, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context statutes are denied.

26. University Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 26 and so deny them. The remaining allegations in paragraph 26 purport to characterize an Oregon statute, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context statutes are denied.

27. University Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 27 and so deny them. The remaining allegations in paragraph 27 purport to characterize an Oregon statute, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context statutes are denied.

28. University Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 28 and so deny them. The remaining allegations in paragraph 28 purport to characterize an Oregon statute, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context statutes are denied.

29. University Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 29 and so deny them. The remaining allegations in paragraph 29 purport to characterize an Oregon statute, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context statutes are denied.

30. University Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 30 and so deny them. The remaining allegations in paragraph 30 purport to characterize an Oregon statute, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context statutes are denied.

31. University Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 31 and so deny them. The remaining allegations in paragraph 31 purport to characterize an Oregon statute, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context statutes are denied.

32. University Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 32 and so deny them. The remaining allegations in paragraph 32 purport to characterize an Oregon statute, the

language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context statutes are denied.

33. University Defendants admit the allegations in the first sentence of paragraph 33. The remaining allegations in paragraph 33 purport to characterize an Oregon statute, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context statutes are denied.

**FEDERAL LAW**

34. The allegations in paragraph 34 purport to characterize the U.S. Constitution, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

35. The allegations in paragraph 35 purport to characterize the U.S. Constitution, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

36. The allegations in paragraph 36 consist of legal conclusions to which no response is required and purport to characterize federal court decisions, the language of which is the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

37. The allegations in paragraph 37 consist of legal conclusions to which no response is required and purport to characterize federal court decisions, the language of which is the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

38. The allegations in paragraph 38 purport to characterize federal laws, the language of which is the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

39. The allegations in paragraph 39 purport to characterize a federal statute, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

40. The allegations in paragraph 40 purport to characterize a federal statute, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

41. The allegations in paragraph 41 purport to characterize a federal statute, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

42. The allegations in paragraph 42 purport to characterize a federal statute, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

43. The allegations in paragraph 43 consist of legal conclusions to which no response is required and purport to characterize a federal statute, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

44. The allegations in paragraph 44 purport to characterize a federal statute, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

45. The allegations in paragraph 45 consist of legal conclusions to which no response is required. To the extent a response is required, University Defendants deny the allegations in paragraph 45.

46. The allegations in paragraph 46 purport to characterize an Executive Order, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

47. The allegations in paragraph 47 purport to characterize an Executive Order, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

48. The allegations in paragraph 48 consist of legal conclusions to which no response is required and purport to characterize an Executive Order and a federal law, the language of which is the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

**OREGON LAWS**

49. The allegations in paragraph 49 purport to characterize Oregon statutes, the language of which is the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

50. The allegations in paragraph 50 consist of legal argument and legal conclusions to which no response is required.

51. In response to the allegations in the first sentence of paragraph 51, University Defendants admit that some Oregon-resident students are subject to lower tuition rates at some public universities than some non-Oregon-resident students. University Defendants otherwise deny the allegations in the first sentence of paragraph 51. The allegations in the second sentence

of paragraph 51 (including footnote 5) purport to characterize a website, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

52. The allegations in paragraph 52 (including footnote 6) purport to characterize a website, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

53. The allegations in paragraph 53 consist of legal argument and legal conclusions to which no response is required and purport to characterize an Oregon statute, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

54. The allegations in paragraph 54 consist of legal argument and legal conclusions to which no response is required and purport to characterize an Oregon statute, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

55. The allegations in paragraph 55 consist of legal argument and legal conclusions to which no response is required and purport to characterize Oregon statutes, the language of which is the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied. To the extent a further response is required, University Defendants deny the allegations in paragraph 55.

56. The allegations in paragraph 56 consist of legal conclusions to which no response is required and purport to characterize an Oregon statute, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

57. The allegations in paragraph 57 consist of legal conclusions to which no response is required and purport to characterize an Oregon statute, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

58. The allegations in paragraph 58 consist of legal argument and legal conclusions to which no response is required and purport to characterize an Oregon statute, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

59. The allegations in the first sentence of paragraph 59 purport to characterize Oregon statutes, the language of which is the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied. University Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 59 and so deny them.

60. The allegations in paragraph 60 purport to characterize Oregon statutes, the language of which is the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

61. The allegations in paragraph 61 (including footnote 8) purport to characterize a website, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. University Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of footnote 7 and so deny them. The second sentence of footnote 7 consists of legal argument and legal conclusions to which no response is required.

62. The allegations in paragraph 62 (including footnote 9) purport to characterize an Administrative Rule, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

63. The allegations in paragraph 63 consist of legal conclusions to which no response is required.

64. University Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 64 and so deny them. The allegations in the second sentence of paragraph 64 (including footnote 10) purport to characterize a website, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

65. The allegations in paragraph 65 consist of legal conclusions to which no response is required.

66. The allegations in paragraph 66 consist of legal conclusions to which no response is required.

67. In response to the allegations in the first sentence of paragraph 67, University Defendants admit that some Oregon-resident students are subject to lower tuition rates at OHSU than some non-Oregon-resident students. University Defendants otherwise deny the allegations in the first sentence of paragraph 67. The allegations in the second sentence of paragraph 67 (including footnote 11) purport to characterize a website, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

68. The allegations in paragraph 68 consist of legal argument and legal conclusions to which no response is required and purport to characterize an Oregon statute, the language of

which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

69. The allegations in paragraph 69 (including footnote 12) purport to characterize an Oregon statute, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

70. University Defendants admit the allegations in the first sentence of paragraph 70. The remaining allegations in paragraph 70 (including footnotes 14 and 15) purport to characterize the OHSU Policy Manual, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

71. The allegations in paragraph 71 consist of legal conclusions to which no response is required and purport to characterize an Oregon statute and the OHSU Policy Manual, the language of which is the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

72. The allegations in paragraph 72 consist of legal argument and legal conclusions to which no response is required and purport to characterize an Oregon statute, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

73. The allegations in paragraph 73 consist of legal argument and legal conclusions to which no response is required.

74. The allegations in paragraph 74 purport to characterize an Oregon statute, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

75. University Defendants admit the allegations in the first sentence of paragraph 75. The allegations in the second sentence of paragraph 75 consist of legal conclusions to which no response is required. University Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 75 and so deny them.

76. The allegations in the first sentence of paragraph 76 purport to characterize two websites, the language of which is the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied. The allegations in the second sentence of paragraph 76 consist of legal conclusions to which no response is required.

77. The allegations in paragraph 77 purport to characterize two websites, the language of which is the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

78. The allegations in paragraph 78 purport to characterize a website, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

79. The allegations in paragraph 79 consist of legal conclusions to which no response is required.

80. The allegations in paragraph 80 purport to characterize Oregon statutes, the language of which is the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

81. The allegations in paragraph 81 purport to characterize an Oregon statute, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

82. The allegations in paragraph 82 purport to characterize an Oregon statute, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

83. The allegations in paragraph 83 purport to characterize an Oregon statute, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

84. The allegations in paragraph 84 purport to characterize an Oregon statute, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

85. The allegations in paragraph 85 consist of legal conclusions to which no response is required.

86. The allegations in paragraph 86 purport to characterize an Oregon statute, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

87. The allegations in paragraph 87 purport to characterize an Oregon statute, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

88. The allegations in paragraph 88 purport to characterize an Oregon statute, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

89. The allegations in paragraph 89 purport to characterize a website, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

90. The allegations in paragraph 90 purport to characterize a website, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

91. The allegations in paragraph 91 consist of legal conclusions to which no response is required.

92. The allegations in paragraph 92 purport to characterize an Oregon statute, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

93. The allegations in the first sentence of paragraph 93 consist of legal conclusions to which no response is required. The allegations in the second sentence of paragraph 93 purport to characterize a website, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

94. The allegations in paragraph 94 purport to characterize a website, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

95. The allegations in paragraph 95 purport to characterize a website, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

96. The allegations in paragraph 96 consist of legal conclusions to which no response is required and purport to an Oregon statute, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

97. The allegations in paragraph 97 consist of legal conclusions to which no response is required.

98. The allegations in paragraph 98 purport to characterize an Oregon statute, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

99. The allegations in the first sentence of paragraph 99 consist of legal conclusions to which no response is required. The remaining allegations in paragraph 99 purport to characterize a website, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

100. The allegations in the first sentence of paragraph 100 purport to characterize a website and the OHSU Policy Manual, the language of which is the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied. The remaining allegations in paragraph 100 consist of legal conclusions to which no response is required.

101. The allegations in paragraph 101 consist of legal conclusions to which no response is required.

## CLAIMS FOR RELIEF

### COUNT I
### VIOLATION OF THE SUPREMACY CLAUSE
### PREEMPTION OF OR. REV. STAT. § 352.287 – TUITION)

102. In response to paragraph 102, University Defendants incorporate by reference their responses set forth above.

103. The allegations in paragraph 103 purport to characterize the U.S. Constitution, the language of which is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

104. The allegations in paragraph 104 consist of legal conclusions to which no response is required and purport to characterize the U.S. Constitution and a federal court decision, the language of which is the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

105. The allegations in paragraph 105 consist of legal conclusions to which no response is required. To the extent a response is required, University Defendants deny the allegations in paragraph 105.

106. The allegations in paragraph 106 consist of legal conclusions to which no response is required. To the extent a response is required, University Defendants deny the allegations in paragraph 106.

**COUNT II**
**VIOLATION OF THE SUPREMACY CLAUSE**
**(PREEMPTION OF OR. REV. STAT. § 352.123 – TUITION)**

107. In response to paragraph 107, University Defendants incorporate by reference their responses set forth above.

108. The allegations in paragraph 108 consist of legal conclusions to which no response is required and purport to characterize federal and Oregon statutes, the language of which is the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

109. The allegations in paragraph 109 consist of legal conclusions to which no response is required. To the extent a response is required, University Defendants deny the allegations in paragraph 109.

**COUNT III**
**VIOLATION OF THE SUPREMACY CLAUSE**
**(PREEMPTION OF OR. REV. STAT. §§ 348.205, 348.180 – FINANCIAL AID)**

110. In response to paragraph 110, University Defendants incorporate by reference their responses set forth above.

111. The allegations in paragraph 111 consist of legal conclusions to which no response is required and purport to characterize federal and Oregon statutes, the language of which is the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

112. The allegations in paragraph 112 consist of legal conclusions to which no response is required. To the extent a response is required, University Defendants deny the allegations in paragraph 112.

**COUNT IV**
**VIOLATION OF THE SUPREMACY CLAUSE**
**(PREEMPTION OF OR. REV. STAT. § 341.522 – FINANCIAL AID)**

113. In response to paragraph 113, University Defendants incorporate by reference their responses set forth above.

114. The allegations in paragraph 114 consist of legal conclusions to which no response is required and purport to characterize federal and Oregon statutes, the language of which is the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

115. The allegations in paragraph 115 consist of legal conclusions to which no response is required. To the extent a response is required, University Defendants deny the allegations in paragraph 115.

**COUNT V**
**VIOLATION OF THE SUPREMACY CLAUSE**
**(PREEMPTION OF COMMUNITY COLLEGE BOARDS' TUITION PRACTICE – GRANTING OF BENEFITS WITHOUT ENACTED STATE STATUTE)**

116. In response to paragraph 116, University Defendants incorporate by reference their responses set forth above.

117. The allegations in paragraph 117 consist of legal conclusions to which no response is required and purport to characterize a federal statute and an Administrative Rule, the language of which is the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

118. The allegations in paragraph 118 consist of legal conclusions to which no response is required. To the extent a response is required, University Defendants deny the allegations in paragraph 118.

**PRAYER FOR RELIEF**

The remainder of the United States' Complaint constitutes the United States' request for relief, to which no response is required. To the extent a response is required, University Defendants deny that the United States is entitled to the relief requested, or to any relief whatsoever.

**UNIVERSITY DEFENDANTS' AFFIRMATIVE DEFENSES**

**First Affirmative Defense**
**(Subject-Matter Jurisdiction)**

This Court lacks subject-matter jurisdiction, because, among other things, the United States lacks a cognizable injury necessary for standing.

**Second Affirmative Defense**
**(Failure to State a Claim)**

The Complaint fails to state a claim upon which relief can be granted.

**Third Affirmative Defense**
**(U.S. Constitution, Article I, Section 8)**

The statutes that the United States invokes, including 8 U.S.C. § 1623, exceed Congress's powers under Article I of the U.S. Constitution.

**Fourth Affirmative Defense**
**(Tenth Amendment)**

Relief is barred in whole or in part by the Tenth Amendment to the U.S. Constitution.

**Fifth Affirmative Defense**
**(Anti-Commandeering)**

Relief is barred in whole or in part by the U.S. Constitution under the anti-commandeering doctrine.

**Sixth Affirmative Defense**
**(Fourteenth Amendment)**

Relief is barred in whole or in part by the Fifth and Fourteenth Amendments to the U.S. Constitution.

**Seventh Affirmative Defense**
**(Laches)**

Relief is barred in whole or in part by laches.

**Eighth Affirmative Defense**

University Defendants reserve the right to assert any other claims or defenses as may be available or may become available during the course of these proceedings

**UNIVERSITY DEFENDANTS' REQUEST FOR RELIEF**

University Defendants respectfully request that this Court enter judgment in favor of University Defendants, dismiss the Complaint with prejudice, and award any other appropriate relief in University Defendants' favor.

DATED: November 9, 2026

STOEL RIVES LLP

MISHA ISAAK, Bar No. 086430
misha.isaak@stoel.com
WHITNEY A. BROWN, *pro hac vice* forthcoming
whitney.brown@stoel.com

*Attorneys for Defendants Board of Trustees of the University of Oregon; Board of Trustees of Oregon State University, Board of Trustees of Portland State University, Board of Trustees of the Oregon Institute of Technology, Board of Trustees of Western Oregon University, Board of Trustees of Southern Oregon University, Board of Trustees of Eastern Oregon University, and Board of Directors of Oregon Health and Science University*